UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br> _____ <br><br> This document relates to: <br><br> *Casey v. Ivax Corp.*, C02-2025 | MDL NO. 1407 <br><br> ORDER GRANTING DEFEN- DANTS' MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the court on a motion for summary judgment by IVAX Corporation, IVAX Pharmaceuticals, Inc., f/k/a/ Zenith Goldline Pharmaceuticals, Inc., and Zenith Goldline Shreveport, Inc. (collectively "defendants"). Having considered the parties' briefs filed in support of and opposition to this motion, the court finds and rules as follows.

    The only dispute in this motion is whether the court should toll Virginia's two-year statute of limitations – which would otherwise preclude plaintiff's recovery – under Va. Code Ann. § 8.01(D).[1] That statute provides, in relevant part,

    When the filing of an action is obstructed by a defen-

---

[1] Plaintiff does not dispute defendants' recital of the relevant facts, or defendants' assertion that Virginia law applies to this case, or that Virginia's two-year limitations period governs – and, absent tolling, precludes – her claims.

ORDER
Page - 1 -

>    dant's . . . (ii) using any other direct or indirect
>    means to obstruct the filing of an action, then the
>    time that such obstruction has continued shall not be
>    counted as any part of the period within which the
>    action must be brought.

Va. Code Ann. § 8.01(D). Plaintiff argues that her claims fall under this exception, and relies on assertions in her complaint that defendants:

>    conspired and/or acted in concert to delay the removal
>    of the preparations containing PPA from the market
>    place . . . by, *inter alia*, suppressing or concealing
>    knowledge of the grave dangers from the consuming
>    public and others and/or suppressing the publication of
>    articles by scientists who held views and opinions that
>    were adverse to defendants' interests.

Casey Complaint, ¶ 25. The complaint also alleges that "[w]ell before November, 2000, Pharmaceutical Defendants had actual knowledge that PPA made its product unreasonably dangerous." *Id.* at 35.

In support of plaintiff's proposition that defendants' alleged fraudulent concealment triggers a tolling of the limitations period in this case, plaintiff string-cites a number of Virginia cases that analyze the tolling statute. Plaintiff asserts that a "recitation of the particular facts and circumstances of the Virginia cases as they apply to the instant case is not necessary [] given the highly deferential Summary Judgment standard of review conferred upon Plaintiff." Plaintiff's Brief at 7.

Plaintiff overstates the degree of deference afforded her. Defendants' motion shifts the burden to plaintiff to submit evidence supporting each element of her claim. *Celotex Corp. v.*

ORDER
Page - 2 -

*Catrett*, 477 U.S. 317, 325 (1986). Plaintiff has failed to produce any evidence whatsoever in response to defendants' motion for summary judgment, merely reasserting the allegations in her complaint. This response is grossly insufficient. The summary judgment rule itself provides "[w]hen a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading*, but the adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial*. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). For this reason alone, defendants' motion should be granted.

    Even if plaintiff had adduced evidence supporting her allegations, however, Virginia courts have routinely interpreted the tolling statute narrowly, holding that "[c]onstructive fraud is not such as will toll the running of the statute of limitations .... A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply." *Mid-Atlantic Business Communications, Inc. v. Virginia Dept. of Motor Vehicles*, 606 S.E.2d 835, 839 (Va. 2005)(citations omitted). More, "[t]he character of fraud necessary to toll the statute must be of a variety involving moral turpitude." *Resolution Trust Corp. v. Walde*, 856 F.Supp. 281,

ORDER
Page - 3 -

286 (E.D. Va. 1994)(citations omitted). According to the law, a plaintiff must prove the element of intent not by a mere preponderance, but by clear and convincing evidence. *Id.*

Plaintiff's allegations – even if supported – would fail to meet this narrow standard. Plaintiff alleges only that defendants acted to delay the removal of the PPA-containing products from the market. Nowhere in her complaint does she allege an intent to conceal the cause of action. The materiality of the distinction between the two allegations is emphasized by the court in *Resolution Trust Corp. v. Walde*, which found that the defendants had "made the decisions for compelling business reasons wholly unrelated" to plaintiff's claims. 856 F.Supp. at 286.

For the foregoing reasons, the court finds that plaintiff has failed to establish a genuine issue of material fact for trial, and that defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is therefore GRANTED. This case is hereby dismissed.

DATED at Seattle, Washington this 11th day of May, 2005.

_____
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE